This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                        **No. 32,515**

**LANE GLEASON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennet J. Baur, Acting Chief Public Defender
Nicole Murray, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Defendant argues that the district court erred in denying his motion to suppress.

[DS 3] We issued a notice of proposed summary disposition proposing to affirm.

Defendant has filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore affirm.

{2} Defendant argues that police lacked reasonable suspicion to stop him for a traffic violation. "We review the district court's ruling on a motion to suppress to determine whether the law was correctly applied to the facts, viewing the facts in the light most favorable to the prevailing party." *State v. Cline*, 1998-NMCA-154, ¶ 6, 126 N.M. 77, 966 P.2d 785. "Questions of reasonable suspicion are reviewed de novo by looking at the totality of the circumstances to determine whether the detention was justified." *State v. Robbs*, 2006-NMCA-061, ¶ 9, 139 N.M. 569, 136 P.3d 570. "A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law." *State v. Rivas*, 2007-NMCA-020, ¶ 7, 141 N.M. 87, 150 P.3d 1037 (internal quotation marks and citation omitted).

{3} In our notice of proposed summary disposition, we proposed to hold that there was reasonable suspicion that Defendant violated NMSA 1978, Section 66-7-322(A) (1978) (stating that both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway). Deputy James Roberts, testified that he was driving behind Defendant, and he saw Defendant's vehicle cross over the painted lane marker. [RP 83] He then observed Defendant

make a right hand turn. Deputy Roberts testified when he made the turn, Defendant did not turn into the right lane. [RP 83-85] Deputy Roberts then stopped Defendant for an improper right turn and for failing to maintain his lane. [RP 84-85] *See* NMSA 1978, § 66-7-317(A) (1978) (stating that a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety). Deputy Roberts' personal observation of Defendant's vehicle failing to turn into the right lane as he made a right hand turn is sufficient to constitute reasonable suspicion of a violation of Section 66-7-322(A). *See State v. Vargas*, 120 N.M. 416, 419, 902 P.2d 571, 574 (Ct. App. 1995) (holding that the officer's observation of the defendant's vehicle driving on the road without traffic lights at night was sufficient to provide reasonable suspicion of a traffic violation and thus to stop the defendant's vehicle).

{4}     In his memorandum in opposition, Defendant argues that Deputy Roberts' testimony at the suppression hearing was not reliable. Defendant notes that Deputy Roberts did not mention a right turn violation in his police report. Defendant also says that Deputy Roberts said his recollection was not fresh. [MIO 15-16] However, this is an issue of witness credibility, which we do not review on appeal. *See State v. Neal*, 2007-NMSC-043, ¶15, 142 N.M. 176, 164 P.3d 57 (stating that in reviewing a ruling on a motion to suppress, this Court does not sit as trier of fact, and the district court

has the best vantage from which to resolve questions of fact and to evaluate witness credibility). Defendant also argues that Deputy Roberts gave inconsistent responses regarding whether Defendant committed a right turn violation. [MIO 15-16] Defendant points to Deputy Roberts' statement on cross-examination that it was possible that Defendant made a proper right turn. [MIO 87] However, it is for the fact finder to resolve any inconsistencies in a witness's testimony. *See State v. Gipson*, 2009-NMCA-053, ¶ 12, 146 N.M. 202, 207 P.3d 1179. In this case, the district court specifically found Deputy Roberts' testimony that he observed a right turn violation to be credible, and we defer to that finding on appeal. [RP 89] We therefore affirm. Because we hold that Deputy Roberts had reasonable suspicion that Defendant violated Section 66-7-322(A), we do not address Defendant's arguments that Deputy Roberts lacked reasonable suspicion that he committed a violation of Section 66-7-317(A).

{5} **IT IS SO ORDERED.**

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

**JAMES J. WECHSLER, Judge**

4

_____

**TIMOTHY L. GARCIA, Judge**